**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BALVIR SINGH,<br><br>                                    Petitioner,<br><br>v.<br><br>JEREMY CASEY, Warden Imperial<br>Regional Detention Center, et. al.<br><br>                                    Respondents. | Case No.: 26-cv-1544-BJC-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Balvir Singh, a citizen of India, entered the United States on November 13, 2017, and was taken into custody by Immigration and Customs Enforcement ("ICE") shortly thereafter.  ECF No. 1 ¶¶ 1, 18, 19, 20; ECF No. 3-1 at 2.  The Department of Homeland Security ("DHS") served him with a notice to appear on December 28, 2017. ECF No. 1-2 at 2; ECF No. 3-2 at 1.  On February 18, 2018, Petitioner was released from custody under a $20,000 bond.  ECF No. 1-3 at 2.  While on release, Petitioner received employment authorization, was gainfully employed, and complied with his conditions of release.  ECF No. 1 ¶¶ 4, 21, 26.  On February 20, 2026, he was arrested when he stopped for a lunch break, while on his route as a commercial truck driver.  *Id*. ¶¶ 3, 24.  He was detained without notice or a pre-deprivation hearing.  *Id*. ¶¶ 33. 36.  He remains detained

1

without an opportunity to seek release on bond.  *Id*. ¶¶ 6, 37.

On March 12, 2026, Petitioner filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  This Court set a briefing schedule and issued a limited stay on the same day.  ECF No. 2.  Respondents filed a return to the amended petition on March 19, 2026.  ECF No. 3.  On March 23, 2026, Petitioner filed a traverse.  ECF No. 4.

## LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States.").  Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States.  *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

Petitioner contends his re-detention without an individualized hearing violates his due process rights, statutory law and the Administrative Procedures Act ("APA").  ECF No. 1 ¶¶ 61-93.  Respondents contend Petitioner's claims are barred under 8 U.S.C. § 1252(g) and he is lawfully detained under 8 U.S.C. § 1225.  ECF No. 3 at 3-9.

### I.  Jurisdiction

Congress explicitly divested courts of jurisdiction over claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."  8 U.S.C. § 1252(g).  The provision is read narrowly and does not apply to every decision or action that may be a part of the deportation process, only those involving the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders. *Ibarra-Perez v. United States,* No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (citing *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999)).  Challenges to unconstitutional practices and policies that do not

arise from the Attorney General's decision to commence proceedings, adjudicate cases or execute removal orders, but are merely collateral to those, are not subject to § 1252(g). *Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (citing *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 492, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991)).

Petitioner challenges his re-detention as unconstitutional and in violation of applicable statutes.  ECF No. 1 at 5-8.  Challenges to detention without bond are generally collateral to, and does not arise from, the decision to commence and adjudicate proceedings or execute removal orders.  *See D.D. v. LaRose*, No. 25-CV-2681-BJC-JLB (S.D. Cal. Oct. 22, 2025).  Accordingly, § 1252(g) does not divest this Court of jurisdiction to hear Petitioner's claims.

**II.  Merits**

Petitioner contends his re-detention was not based on an alleged violation of his bond order, criminal conduct, or changed circumstances.  Instead, he contends he is wrongly being subject to mandatory detention under 8 U.S.C. §1225(b).  "U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)," and "to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)." *Jennings v. Rodriguez*, 583 U.S. 281, 289, 138 S. Ct. 830, 838, 200 L. Ed. 2d 122 (2018)).  Pursuant to § 1225(b), applicants for admission are screened by immigration officers to determine whether the individual is inadmissible under section 8 U.S.C. §§ 1182(a)(6)(C) or 1182(a)(7).  8 U.S.C. § 1225(b)(1).  Unless the applicant indicates an intention to apply for asylum, he or she is subject to expedited removal "without further hearing or review."  8 U.S.C. § 1225(b)(1)(A)(i).  Those indicating an intention to apply for asylum are submitted to an interview to determine whether they have a credible fear of persecution, and, if so, they are detained for consideration of their application for asylum.  8 U.S.C. § 1225(b)(1)(B).  Applicants that are "not clearly and beyond a doubt entitled to be admitted" are detained for immigration proceedings.  8 U.S.C. § 1225(b)(2)(A).

Under § 1226(a), "an alien may be arrested and detained pending a decision on

26-cv-1544-BJC-MSB

whether the alien is to be removed from the United States."  8 U.S.C § 1226(a).  Pending the decision on whether to remove the alien, the Attorney General may continue to detain the individual or release him or her on bond or conditional parole.  *Id*.

Respondents re-detained Petitioner under § 1225(b), as an "applicant for admission" subject to mandatory detention.  At the time of his arrest and detention, Petitioner was living and working with authorization in the United States.  The Court finds Petitioner was not an applicant for admission under § 1225, when he was taken into custody on February 20, 2026.  Because Petitioner was arrested within the interior of the United States, he was subject to § 1226.  There is nothing demonstrating Petitioner was engaged in any conduct that can be interpreted as "seeking admission" at the time of his arrest in February 2026.  Accordingly, mandatory detention under § 1225 does not apply to Petitioner.  The Court finds Petitioner's detention without a bond hearing is unlawful and violated his due process rights.  Additionally, Petitioner's re-detention with notice or an opportunity to be heard denied him due process.  *See Velasquez v. Noem*, 2026 WL 1005077, at *2-3 (S.D. Cal. Apr. 14, 2026) (applying the balancing test of *Matthews v. Eldridge*, 424 U.S. 319 (1976) to find revocation of release without notice or a hearing violated due process).

Accordingly, the Court GRANTS the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined conditions.  Respondents are enjoined from re-detaining Petitioner without complying with due process.  Petitioner's request for attorneys' fees and costs is DENIED without prejudice to Petitioner filing an appropriate application for fees.  The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated:  May 1, 2026

Honorable Benjamin J. Cheeks
United States District Judge